NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10127 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-00003-HDM-CLB-1 |
| v. | |
| BENJAMIN SCRUGGS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted March 10, 2023**
Las Vegas, Nevada

Before: GRABER, CLIFTON, and BENNETT, Circuit Judges.

Defendant Benjamin Scruggs timely appeals his conviction for being a felon

in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2)

(2021), and his resulting sentence of seventy months of imprisonment followed by

three years of supervised release. We remand for the limited purpose of correcting

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

an error in the written judgment, but we otherwise affirm the conviction and sentence.

1. Reviewing de novo the district court's denial of Defendant's motion to suppress evidence of a firearm, United States v. Evans, 786 F.3d 779, 784 (9th Cir. 2015), we agree with the district court that the police officers did not violate the Fourth Amendment. Officer Shane Pearman talked to a tall, white man with a goatee who had run from the scene of a shooting, and the man declined to give his name. Officer Pearman then learned that Matt George, who had an active warrant for his arrest, may have been involved in the shooting, and Officer Pearman reviewed mugshots and information in the police database. Reports stated that George was a white man standing up to 6'1" tall, and his photographs appeared similar to the tall, white man who had fled the scene. The facial features, hair style, and facial hair of both men are strikingly similar. Officer Pearman reasonably mistook Defendant for George. See Sharp v. County of Orange, 871 F.3d 901, 910 (9th Cir. 2017) ("In a case of mistaken identity, 'the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant.'" (quoting Rivera v. County of Los Angeles, 745 F.3d 384, 389 (9th Cir. 2014))).

Although some factors suggested that perhaps the man was not George, those factors do not undermine the overall conclusion that Officer Pearman's

2

mistake was a reasonable one. For example, George's weight consistently was listed as approximately 160 pounds, less than Defendant's weight of 240 pounds. But, as the district court observed, a person's weight fluctuates, and Officer Pearman saw Defendant only when he wore baggy clothes. Body-camera footage does not show a man plainly much larger than 160 pounds. We have carefully reviewed the full record, including the body-camera footage, and we agree with the district court that Officer Pearman's mistake was objectively reasonable.

We also agree with the district court that the arresting officers reasonably concluded that a pat-down frisk was warranted. A shooting had occurred only one day earlier. When approached by officers, Defendant acted evasive, lied to the officers and, despite being warned specifically not to put his hands in his pockets, he put one hand in his pocket. He was wearing a baggy sweatshirt that the officers reasonably feared concealed a weapon.

Because the officers did not violate the Fourth Amendment, we need not, and do not, reach the government's alternative argument that the evidence was admissible under the attenuation doctrine pursuant to Utah v. Strieff, 579 U.S. 232 (2016).

2. The district court did not err by imposing a risk-notification condition of supervised release. As Defendant concedes, his argument is foreclosed by our

3

decision in <u>United States v. Gibson</u>, 998 F.3d 415, 423 (9th Cir. 2021), <u>cert. denied</u>, 142 S. Ct. 832 (2022).

3.  As the government concedes, the district court erred by not specifying in the written judgment that Defendant must participate in an <u>outpatient</u> drug treatment program.  <u>See</u> <u>United States v. Hernandez</u>, 795 F.3d 1159, 1169 (9th Cir. 2015) (holding that the oral pronouncement of a sentence controls over the written judgment).  "As we have done in the past, we remand so that the district court can make the written judgment consistent with the oral pronouncement."  <u>Id.</u> (brackets omitted) (citation and internal quotation marks omitted).

**REMANDED with the instruction to amend the written judgment to conform with the oral pronouncement of the sentence; otherwise AFFIRMED.**